***********
Based upon information contained in I.C. File LH-0307 and upon an investigation made by the Investigations Section of the Industrial Commission, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent, David L. Taylor, Jr., was employed as a law enforcement officer by the Greensboro Police Department at the time of his death on 7 August 2001.
2. Decedent's death occurred in the course and scope of his employment as follows: On 7 August 2001, decedent had climbed a tower to install surveillance equipment. Officers on the ground looked up and saw decedent hanging upside down. Decedent righted himself and informed the other officers that he was injured. When an officer reached decedent he was unconscious. When EMS personnel arrived on the scene, decedent was pronounced dead. The Certificate of Death lists cardiac arrest as the immediate cause of death with heat exposure as a significant contributing factor. The autopsy report lists the probable cause of death as ischemic heart disease due to complications from a fall from a tower and heat exposure. The report also notes that decedent had a large amount of blood on his head and a one inch laceration on his scalp going almost to the bone.
3. At the time of his death, decedent was married but separated from Angela Gallimore Taylor and had no dependent children. Decedent did not supply the sole support for his parents at the time of his death.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent was an eligible law enforcement officer employed by the Greensboro Police Department as defined in N.C. Gen. Stat. §143-166.2(d), at the time of his death on 7 August 2001.
2. Decedent's death was the direct result of injuries incurred in the course of his official duties, as defined by N.C. Gen. Stat. §143-166.2(f).
3. Decedent has no surviving relatives who at the time of his death were solely dependent upon him for support. Accordingly, the award of death benefits under N.C. Gen. Stat. § 143-166.1 et seq. should be made to decedent's estate.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The sum of $25,000.00 is hereby awarded to the estate of decedent. This sum shall be paid from funds appropriated by the State Treasurer for the purpose set forth in N.C. Gen. Stat. § 143-166.1 et seq.
A copy of this Award shall be furnished the Office of the State Treasurer for the purpose of having compliance with this Award, and the Commission shall be advised of the date or dates of payments made.
No costs are assessed before the Commission.
This the ___ day of March, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER